**IN THE COURT OF APPEALS OF IOWA**

No. 17-2000
Filed February 7, 2018

**IN THE INTEREST OF K.R., K.R., and K.R.,**
**Minor Children,**

**S.S., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

        A mother appeals the district court's dismissal of a child-in-need-of-assistance proceeding. **AFFIRMED.**

        Lori J. Kieffer-Garrison, Davenport, for appellant mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

        Patricia A. Rolfstad, Davenport, guardian ad litem for minor children.

        Considered by Vogel, P.J., and Potterfield and Mullins, JJ. Tabor, J., takes no part.

**VOGEL, Presiding Judge.**

The mother of three children, born in 2006, 2009, and 2014, appeals the district court's dismissal of a child-in-need-of-assistance (CINA) proceeding. Because we agree with the district court that the efforts of the Iowa Department of Human Services (DHS) to eliminate the adjudicatory harm had been exhausted, we conclude dismissal was proper. We review a CINA dispositional order de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

In 2015, the parents' marriage was dissolved. The dissolution decree granted the father physical care of the children and granted the mother visitation. On appeal, the district court ruling was affirmed. Soon after the appeal, the children came to the attention of the DHS because of ongoing post-marital strife to which the children were subjected. Nineteen DHS assessments were completed, of which only one was founded for denial of critical care by the mother. The basis for the finding was that the mother's interactions with the children were placing the children at risk of mental injury.

In April 2017, the State sought and obtained an ex parte removal order through juvenile court proceedings. The children were placed with their father—who already had physical care through the dissolution decree—and contact with the mother was ordered to be supervised at the discretion of the DHS. In July, the children were adjudicated CINA as to the mother, pursuant to Iowa Code section 232.2(6)(b), (c)(1) and (2), (*l*), and (n) (2017). Services were offered to the children and both parents in order to rectify the ongoing disharmony. The father was compliant, the mother was resistant, and the children attended some therapy sessions. Another juvenile hearing was held on September 13, and a final hearing

was held on November 29.  At the final review hearing, the mother sought care of the oldest child; however, the State sought dismissal of the CINA proceeding, asserting:

> You can offer as many services to parents that we have available.  We have done that in this case to no benefit to the children.  The children will always have these parents with custodial disputes because their animosity remains.  This is not a court that determines visitation and custody of parents that can't figure these things out.  I would ask the court dismiss, as once dismissal is entered, the district court order of visitation reverts back.  The mother gets rights of visitation on the weekends, as indicated in—in the decree, and they can litigate these child custody issues in district court.  Our services have been to no avail.

The district court dismissed the CINA proceedings, finding:

> The court got involved in this case because the parents can't get along . . . .  The children are placed with their father in the divorce decree.  This case was a service case for the department.  The department has nothing else to offer, nothing else to offer these folks . . . .  The adjudicatory harm in this case and the services available through the Department of Human Services are exhausted, are exhausted.

The mother appeals, faulting the district court for dismissing the case and asserting the DHS failed to offer appropriate services to the children to correct the adjudicatory harm she was found to have caused them.    Iowa Code section 232.103(4)(b) and (c) provides a court *may* terminate a dispositional order if it has determined, "[t]he purposes of the order cannot reasonably be accomplished" or "[t]he efforts made to effect the purposes of the order have been unsuccessful and other options to effect the purposes of the order are not available."

Having reviewed the record de novo, we agree with the district court's dismissal of these CINA proceedings. We affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**